UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CASE NO. 5:17CR333 |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| MICHAEL POWELL, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

On February 5, 2020, the Court conducted Defendant Michael Powell's resentencing hearing. During that hearing, the Court concluded that Powell was no longer a career offender based on recent precedent from the Sixth Circuit. The Court also informed the parties that it would supplement its ruling in writing. The Court does so herein.

Powell was indicted on August 22, 2017. On December 6, 2017, Powell pled guilty to the first count in the indictment, conspiracy to possess with intent to distribute cocaine base. Powell was then sentenced based upon his status as a career offender. While his appeal was pending, the Sixth Circuit decided *United States v. Havis*, 927 F.3d 382, 385 (6th Cir.), reconsideration denied, 929 F.3d 317 (6th Cir. 2019). To reach its decision in *Havis*, the appellate court was forced to examine the interplay of the text of U.S.S.G. § 4B1.2 and its application notes. In *Havis*, the Sixth Circuit examined whether attempt crimes satisfied the "controlled substance offense" definition contained in § 4B1.2(b) which provides:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture,

import, export, distribute, or dispense.

In addition to the above Guideline text, Application Note 1 to this Guideline includes: "'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. 4B1.2, n.1.

With that framework in mind, *Havis* found:

> To make attempt crimes a part of § 4B1.2(b), the Commission did not interpret a term in the guideline itself—no term in § 4B1.2(b) would bear that construction. Rather, the Commission used Application Note 1 to add an offense not listed in the guideline. But application notes are to be "interpretations of, not additions to, the Guidelines themselves." *Rollins*, 836 F.3d at 742. If that were not so, the institutional constraints that make the Guidelines constitutional in the first place—congressional review and notice and comment—would lose their meaning. *See Winstead*, 890 F.3d at 1092 ("If the Commission wishes to expand the definition of 'controlled substance offenses' to include attempts, it may seek to amend the language of the guidelines by submitting the change for congressional review."). The Commission's use of commentary to add attempt crimes to the definition of "controlled substance offense" deserves no deference. The text of § 4B1.2(b) controls, and it makes clear that attempt crimes do not qualify as controlled substance offenses.

*Havis*, 927 F.3d at 386–87 (footnote omitted).

The question presented herein is whether conspiracy crimes should suffer the same fate as attempt crimes did in *Havis*. This Court finds itself in agreement with Court's that have followed the legal framework contained in *Havis* and reached similar results. As one colleague in West Virginia has noted: "Listing the crime of conspiracy in the commentary does more than interpret or explain the Guideline text and instead adds an entirely new offense to the 'crime[s] of violence.'" *United States v. Cooper*, 410 F. Supp. 3d 769, 773 (S.D.W. Va. 2019). The Fourth Circuit has also thoroughly examined the issue and concluded a conspiracy conviction pursuant to 21 U.S.C. § 846 could not be used to enhance a sentence under the career offender guideline. *See United States v. Norman*, 935 F.3d 232, 238 (4th Cir. 2019)(noting that the categorical approach

compels exclusion of a conspiracy conviction under § 846 because no over act is required for such a conviction).

Given the logic espoused in *Havis*, this Court concludes that the Sixth Circuit would expand its reasoning regarding attempt crimes to include conspiracy crimes as well. Accordingly, Powell's current crime of conviction does not qualify as a "controlled substance offense." As a result, the Court did not sentence Powell utilizing the career offender enhancement.

The specific terms of Powell's sentence were discussed in detail during his hearing, including the Court's reasoning in support of an upward variance. Those terms and reasoning need not be restated herein.

IT IS SO ORDERED.

April 13, 2020  
Date

/s/ *John R. Adams*  
Judge John R. Adams  
United States District Court